```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

KENNETH STONITSCH,              :
                                :
        Plaintiff,               :      NO. 1:09-CV-00593
                                :
    v.                           :
                                :      **OPINION AND ORDER**
COMMISSIONER OF                  :
SOCIAL SECURITY,                 :
                                :
        Defendant.               :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 18), to which no objections were filed.  For the reasons indicated herein, the Court adopts and affirms such Report and Recommedation in all respects, and remands this matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

**I.  Background**

On August 14, 2009, Plaintiff filed his Complaint in this matter, challenging the Commissioner's denial of his application for disability insurance benefits and supplemental security income, which was based on physical impairments that gave him trouble walking, going to the bathroom, cooking, and climbing stairs (doc. 1).  The Administrative Law Judge ("ALJ") concluded after a hearing on June 4, 2008, that Plaintiff, despite suffering a combination of severe impairments, did not qualify as disabled, because such impairments alone or in combination do not meet or equal the level of severity in the Listing of Impairments, 20 C.F.R., Part 404,

Supbart P, Appendix 1 (doc. 18). Among his findings, the ALJ found the Claimant's allegations regarding his limitations not fully credible, that he has a residual functional capacity ("RFC") for a range of work with specified limitations, and that his limitations do not prevent Claimant from adjusting to work that exists in the economy (Id.). On appeal, Plaintiff argues the ALJ's nondisability finding is unsupported by substantial evidence (Id.). Specifically, Plaintiff contends the ALJ gave inadequate weight to the opinion of Plaintiff's treating physician, and failed to adequately explain his reasons for doing so (Id.). Plaintiff further contends that the ALJ erred in determining that Plaintiff's credibility was poor (Id.).

**II. The Magistrate Judge's Report and Recommendation (doc. 18)**

The Magistrate Judge noted that standard of review applicable to the ALJ's non-disability finding is to determine, after considering the whole record, whether such finding is supported by substantial evidence, that is, evidence that a reasonable mind might accept as adequate to support a conclusion (doc. 7, citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). The Magistrate Judge then proceeded to review Plaintiff's allegations of error (Id.).

The Magistrate Judge found the ALJ failed to adequately explain his reasons for rejecting the opinion of Dr. Fritzhand, the examining physician (Id.). Such failure, found the Magistrate

2

Judge, is contrary to both the Regulations and the Commissioner's Ruling 96-6p (Id. citing 20 C.F.R. §§ 416.927(d), (f)(ii), (f)(iii), and Social Security Ruling 96-6p, 1996 WL 374180 at *3). To the extent the ALJ selectively referenced a portion of the record, the Magistrate Judge found the ALJ's resulting RFC not supported by substantial evidence (Id. citing Howard v. Commissioner, 276 F.3d 235, 240-41 (6th Cir. 2002)). Moreover, the Magistrate Judge found the ALJ failed to properly evaluate the opinions of Drs. Hulon, Caldwell, and McCloud, contrary to the Regulations (Id.).  As such, the Magistrate Judge concluded Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four, so as to determine the weight to be afforded to all medical source opinions, and to determine according to the sequential evaluation procedure whether Plaintiff was under disability and thus eligible for DIB or SSI (Id.).

     The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Neither Party filed any objections thereto within the fourteen days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C.

§ 636(b)(1)(C).

**III. Discussion**

The Court's "review is limited to determining whether there is substantial evidence in the record to support the findings." <u>Duncan v. Secretary of Health & Human Servs.</u>, 801 F.2d 847, 851 (6th Cir. 1986).  Having reviewed and considered this matter, and noting that neither party filed an objection, the Court finds the Magistrate Judge's Report and Recommendation thorough and well reasoned.  Here the ALJ's failure to adequately weigh and describe the evidence, specifically the evidence of the treating physician's opinion in relation to the other expert opinions, shows the ALJ's decision is not supported by substantial evidence.

Accordingly, the Court ADOPTS and AFFIRMS in all respects the opinions expressed in the Report and Recommendation, (doc. 18), REVERSES the decision of the Commissioner, and REMANDS this matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).


SO ORDERED.


Date: November 5, 2010    /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge