UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH STONITSCH,  :  No. 1:09-CV-00593
    Plaintiff,  :
    v.  :  **OPINION AND ORDER**
MICHAEL J. ASTRUE,  :
COMMISSIONER OF SOCIAL  :
SECURITY,  :
    Defendant.  :

    This matter is before the Court on Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. § 406(B) (doc. 23), and the government's Response in Opposition (doc. 24). For the reasons indicated herein, the Court DENIES Plaintiff's Motion to the extent that it declines to award the amount of fees Plaintiff's counsel seeks, but rather awards the amount consistent with Defendant's position.

    By its Order adopting the Magistrate Judge's Report and Recommendation, the Court reversed the denial decision of the Commissioner and remanded Plaintiff's claim for further proceedings (doc. 19). The Administrative Law Judge held a remand hearing, and ultimately issued a fully favorable decision with an onset date of June 13, 2006 (doc. 23).

    In the instant motion, Plaintiff's counsel seeks the award of $10,052.92, which she indicates represents the balance of 25% of Plaintiff's past due benefits after discounting the

$2,526.07 already received in EAJA fees (Id.).  Plaintiff's counsel attached copies of the Notice of Award and continency fee agreement, and contends the character of representation was very good, such that the requested amount is reasonable and does not constitute a windfall (Id.).

Defendant objects to Plaintiff's counsel's request, contending the fee petition represents a windfall (doc. 24). Defendant indicates that Plaintiff's counsel has failed to provide her non-contingent rate, but that she expended 16.75 attorney hours litigating this case in district court (Id.).  As such, Defendant indicates the requested amount of $10,052.92 represents an hourly rate of $600.17, which is out-of-step with the relevant market (Id.).  Instead, Defendant cites to the methodology of Magistrate Judge Merz in Jones v. Astrue, 2012 WL 3251865 (S.D. Ohio August 8, 2012), in which the court adopted an hourly fee of $180, doubled it, and then multiplied it by the number of hours claimed (Id.). Here, indicates Defendant, such a calculation would lead to an hourly rate of $360, producing for the 16.75 hours claimed, a fee of $6030.00 (Id.).  Defendant further indicates that Plaintiff acknowleges the award of Equal Access to Justice Act ("EAJA") fees, but makes no representation that a double recovery will not occur. (Id. citing Gisbrecht v. Barnhart, 533 U.S. 789, 807 (2002)).

Having reviewed this matter, the Court finds Defendant's position correct that the amount Plaintiff's counsel seeks pursuant

2

to her contingency agreement would represent an unreasonable windfall.  The Court therefore adopts Defendant's suggestion that an hourly rate of $360 is reasonable, such that a fee of $6030.00 is justified.  The Court further finds it appropriate to deduct EAJA fees already awarded in the amount of $2,942.50, as there is no indication that a double recovery will not occur.

Accordingly, the Court DENIES Plaintiff's Motion for the Approval of Attorney's fees, and instead AWARDS an amount consistent with Defendant's view of this matter, that is $6030.00 less $2,942.50 for an award amount of $3,087.50.


SO ORDERED.

Date: October 30, 2012    /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge

3